IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWIGHT A. WILLIAMS,

                Plaintiff,

v.

UNITED STATES POSTAL SERVICE,
RENATE TROESTER and GREG DOE,

                Defendants.

OPINION AND ORDER

17-cv-782-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil removal action for monetary, declaratory and injunctive relief, pro se plaintiff Dwight Williams alleges that the United States Postal Service and two of its employees failed to deliver, find and return a diamond ring that he mailed to his fiancee, in violation of his rights under 42 U.S.C. § 1983, the United States Constitution, federal and state negligence law and several federal criminal statutes. Now before the court is a motion to dismiss the complaint filed by defendants United States Postal Service and Renate Troester under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Dkt. #14. The United States Attorney is not representing defendant Greg Doe, who has not been served in this case, but defendants ask the court to dismiss Doe on its own motion on the ground that plaintiff has failed to state a claim against him as well.

      After reviewing plaintiff's complaint, it is clear that all of plaintiff's claims must be dismissed. Therefore I am granting the motion to dismiss the claims against defendants

1

United States Postal Service and Troester and am dismissing the claims against defendant Greg Doe on the court's own motion.

OPINION

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal sufficiency. In resolving such a motion, the court takes as true all well-pleaded facts in the complaint and draws all reasonable inferences in favor of the non-moving party. Reger Development, LLC v. National City Bank, 592 F.3d 759, 763 (7th Cir. 2010). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In his amended complaint, plaintiff Dwight Williams alleges that on June 28, 2016, he deposited a Mother's Day card, letter and "10 kt .25 Carat yellow gold ladies diamond ring" in a postal depository located at 4198 Nakoosa Trail in Madison, Wisconsin, with proper postage and addressed to Brenda Purdue, 123 W. Moultrie Dr., Blytheville, Arkansas 72315. He alleges that it has been approximately 19 months and his property has not been delivered, found or returned and that he has not been compensated for his loss. Plaintiff

further alleges that he filed four administrative complaints with defendant Greg Doe, a supervisor at the postal service branch located at 3209 Milwaukee Street in Madison, Wisconsin ,for which he received an "Acknowledgement of Inquiry – Case HQ 128955303" on June 29, 2016 from defendant Troester in Consumer Affairs. (It is not clear why the acknowledgement is dated only one day after plaintiff says he mailed the ring.)

Plaintiff seeks to bring claims under the Federal Tort Claims Act, 28 U.S.C. § 1346(b); the Postal Reorganization Act, 39 U.S.C. § 101; federal criminal statutes relating to destruction and interference with mail, 18 U.S.C. §§ 1701-03, 1708-09; and 42 U.S.C. § 1983 for violations of his rights under the First, Fourth, Fifth, Seventh and Fourteenth Amendments. I will address each of these theories separately.

A. Federal Tort Claims Act

The Federal Tort Claims Act, 28 U.S.C. § 1346(b), applies to certain claims of negligence arising out of activities of government entities, including the United States Postal Service, and any of their employees who are acting within the scope of their employment. 39 U.S.C. § 409(c); Dolan v. United States Postal Service, 546 U.S. 481, 484 (2006). In addition, the Act makes clear that a suit against the United States is the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment. 28 U.S.C. § 2679(b)(1); Jackson v. Kotter, 541 F.3d 688, 693 (7th Cir. 2008). A plaintiff cannot bring a claim against the United States for money damages until he presents the

3

claim to the United States Postal Service and the claim is denied in writing and sent by certified or registered mail. 28 U.S.C. § 2675(a). Scott C. Blader, United States Attorney for the Western District of Wisconsin, has certified that at the time of the incidents out of which plaintiff's claims arose, Troester was acting within the scope of her employment as an employee of the United States, meaning the United States would be the only proper defendant for a claim under the Act. Dkt. #13. See also 28 U.S.C. § 2679(d)(1) (upon certification by Attorney General that employee defendant acting within scope of employment, action is deemed one against United States, which shall be substituted as party defendant).

Although the parties argue about whether plaintiff exhausted his administrative remedies with respect to this claim, I do not need to resolve those disputes because the type of wrongdoing that plaintiff alleges falls within an exception to the Federal Tort Claims Act. Specifically, plaintiff's allegations that defendants lost or failed to deliver or return his card, letter and ring, failed to properly train and supervise their employees and failed to undertake an adequate investigation into the loss of his property all fall within the exception for "any claim arising out of the loss, miscarriage or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); Dolan, 546 U.S. at 485, 487 (noting exception refers to destroyed or misplaced mail and "failings in the postal obligation to deliver mail in a timely manner to the right address"); Johnson v. United States, 529 Fed. Appx. 474, 476-77 (6th Cir. 2013) (exception applied to claim that postal service lost items in package after it was intercepted for inspection); Figueroa v. United States Postal Service, 165 F.3d 32, *3 (7th

4

Cir. 1998) (unpublished opinion) (exception applied to claims of destruction of property and products liability arising out of alleged miscarriage or negligent transmission of two packages); Snow v. United States Postal Service, 778 F. Supp. 2d 102, 107 (D. Maine 2011) (exception applied to claim that mail arrived in damaged condition); Price v. United States Postal Service, 2014 WL 3704286, *3 (W.D. Mich. July 24, 2014) (exception applied to claim that package containing cell phone and other items never arrived at destination). Accordingly, I am dismissing plaintiff's Federal Tort Claims Act claims for failure to state a claim upon which relief may be granted.

B. Postal Reorganization Act

The Postal Reorganization Act requires, among other things, that the United States Postal Service "shall provide prompt, reliable, and efficient services to patrons in all areas." 39 U.S.C. § 101(a). However, as defendants note, because no specific provision in § 101 allows individuals to bring a civil lawsuit, the court must determine whether Congress intended to create a private right of action to enforce the Act. Alexander v. Sandoval, 532 U.S. 275, 286 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress."); Middlesex County Sewerage Authority v. National Sea Clammers Association, 453 U.S. 1, 13 (1981) (key to inquiry is intent of legislature, which includes review of legislative history and other traditional aids to statutory construction).

Although the Court of Appeals for the Seventh Circuit has not addressed this issue specifically, several federal appellate courts have refused to recognize a private right of action

under the Postal Reorganization Act. E.g., Bovard v. United States Post Office, 47 F.3d 1178 (10th Cir. 1995) (postal customer's remedy for unsatisfactory service lies with Postal Rate Commission; Congress did not intend to create private right of action for service complaints); Kaiser v. United States Postal Services, 908 F.2d 47, 51 (6th Cir. 1990); Blaze v. Payne, 819 F.2d 128, 130 (5th Cir. 1987); Gaj v. United States Postal Service, 800 F.2d 64, 68-69 (3rd Cir. 1986). The Court of Appeals for the Third Circuit explained that "[t]he clear intent of Congress in passing the Postal Reorganization Act was to make the Postal Service an independent executive agency, to improve the efficiency of the mail system, to improve labor management systems, and to make the Postal Service self-supporting." Gaj, 800 F.2d at 68-69. "Neither the language of the statute nor its legislative history shows that Congress intended to create a private remedy." Id. See also Blair v. United States Postal Service, 657 F. Supp. 524 (S.D. Tex. 1987) (following Gaj and finding no implied cause of action against Postal Service for alleged violations of its own regulations); Tedesco v. United States Postal Service, 553 F. Supp. 1387, 1389 (W.D. Pa. 1983) ("Congress did not intend to create a cause of action enforceable in the district courts for a complaint of inadequate postal service."). I find these cases persuasive and decline to recognize a private cause of action under 39 U.S.C. § 101. Accordingly, I conclude that plaintiff's allegations that defendants violated 39 U.S.C. § 101 fail to state a federal claim upon which relief may be granted and will be dismissed.

## C. Criminal Statutes

Plaintiff cites several criminal statutes in his complaint that make it a crime for any person or postal service employee to knowingly obstruct the passage of mail; take a letter or package out of a post office or authorized depository; destroy, detain, delay or open any mail; or take or steal any article out of a piece of mail. 18 U.S.C. §§ 1701-03, 1708-09. However, private citizens generally cannot compel the enforcement of criminal laws, and none of these statutes authorize a private right of action for civil liability. Ragsdale v. Turnock, 941 F.2d 501, 509 (7th Cir. 1991) (in general, legal system provides no right for private persons to enforce criminal statutes). See also Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) (criminal statutes that do not provide private right of action are not enforceable through civil lawsuit). Accordingly, these claims will be dismissed for failure to state a claim upon which relief may be granted.

## D. Constitutional Claims

Plaintiff may not bring a claim against a federal agency or a federal employee under 42 U.S.C. § 1983 for the deprivation of his Constitutional rights because that statute applies only to persons acting under color of *state* law. Buchanan-Moore v. City of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009). Although Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), authorizes a remedy comparable to § 1983 for constitutional violations committed by federal actors, Engel v. Buchan, 710 F.3d 698, 703 (7th Cir. 2013), such a claim is available only against individual employees or agents. Federal Deposit

Insurance Corp. v. Meyer, 510 U.S. 471, 483-86 (1994).  Therefore, plaintiff may not bring a Bivens claim against the United States Postal Service for the violation of his constitutional rights.  Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 (2001).

Plaintiff's allegations that defendants Troester and Doe failed to properly investigate his claim of lost or stolen property and that Doe failed to adequately train and supervise his employees are no basis for bringing a constitutional claim.  Although plaintiff cites the First, Fourth, Seventh and Fourteenth Amendments as a source of his rights, none of them apply in this case.  The First Amendment prohibits retaliation against individuals engaged in a constitutionally-protected activity, but plaintiff does not allege that he was the victim of retaliation for some activity in which he engaged.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).  The Fourth Amendment covers only "searches and seizures," usually by law enforcement officers, and plaintiff has not alleged that either a search or a seizure took place in this case.  County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998).  The Seventh Amendment provides for the right to a jury trial in federal court.  Kremers v. The Coca-Cola Co., 714 F. Supp. 2d 912, 916 (S.D. Ill. 2009).  The Fourteenth Amendment is "directed at the [s]tates, [and] it can be violated only by conduct that may be fairly characterized as 'state action.'"  Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982).

Plaintiff also cites the Fifth Amendment, which provides the right to due process and protects against arbitrary action by federal officials, including the denial of fundamental procedural fairness and the exercise of power without any reasonable justification.  Lewis, 523 U.S. at 845-46.  However, at the most, plaintiff's allegations that defendants Troester

and Doe failed to respond properly to the loss of his property qualify as negligence. They do not rise to the level of a constitutional violation. Id. at 848-49 (due process clause "does not guarantee due care on the part of [government] officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."); Daniels v. Williams, 474 U.S. 327, 328 (1986) (negligent conduct resulting in unintended loss of property is insufficient to support due process claim); Jost v. United States Postal Service, 412 Fed. Appx. 957 (9th Cir. 2011) (loss of mail did not rise to constitutional violation); Schomaker v. United States, 334 Fed. Appx. 336, 338 (1st Cir. 2009) (negligent conduct during execution of valid search warrant resulting in loss of property insufficient to support Bivens claim for violation of due process).

In addition, as defendants argue, qualified immunity protects government employees from liability for civil damages for actions taken within the scope of their employment unless their conduct violates "clearly established . . . constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). See also Saucier v. Katz, 533 U.S. 194, 201 (2001); Pearson v. Callahan, 555 U.S. 223, 236 (2009). Defendants Troester and Doe would be entitled to qualified immunity, because as the above-cited cases show, there is no clearly established law that failing to investigate a complaint about a missing package or failing to train other employees in the proper handling of mail would allow a postal customer to hold an official liable under the Constitution. Accordingly, plaintiff's allegations are insufficient to state a constitutional claim against any of the defendants in this case and his constitutional claims will be dismissed.

ORDER

IT IS ORDERED that

1. The motion to dismiss filed by defendants United States Postal Service and Renate Troester, dkt. #14, is GRANTED as to all of the claims of plaintiff Dwight A. Williams against them.

2. Plaintiff's claims against defendant Greg Doe are DISMISSED on the court's own motion.

3. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 11th day of June, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge